UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-cv-1812

UNITED STATES OF AMERICA *EX REL.*
TAMIKA ALLEN-ZERWES

        Plaintiff,

        v.

DENNIS CHRIST AND KEVIN CHRIST,

        Defendants.

**UNITED STATES' COMPLAINT IN INTERVENTION**

1. The United States brings this action to recover treble damages and civil penalties under the False Claims Act (hereinafter, "FCA"), 31 U.S.C. §§ 3729-33 and to recover all available damages and other monetary relief under the common law or equitable theories.

2. This action arises out of the submission of false claims for rental subsidy payments by Defendants to the Minneapolis Housing Authority, a recipient of federal funds under the Section 8 housing program, during and between October 6, 2010 and September 30, 2011 (hereinafter "the Claims Period").

**JURISDICTION**

3. This action arises under the False Claims Act, 31 U.S.C. § 3729 et seq. This Court has jurisdiction of this claim under 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. §§ 3730 and 3732.

4. Venue is proper in the District of Minnesota because Relator and Defendants reside in Minnesota, and all acts alleged in this complaint took place within the District of Minnesota.

SCANNED
AUG 21 2013
U.S. DISTRICT COURT MPLS

## THE PARTIES

5.  Tamika Allen-Zerwes (hereinafter "Relator") is a resident of the State and District of Minnesota, and former tenant at 3821 Russell Avenue North, Minneapolis, MN (hereinafter "the Russell property").

6.  Defendant Dennis Christ owns the Russell property, and is a signatory to the contract with the Minneapolis Public Housing Authority ("MPHA") pursuant to which certain federal funds were paid through the MPHA to Dennis Christ.

7.  Defendant Kevin Christ negotiated directly with Relator in the matters giving rise to this action, and caused Relator to sign a document promising to pay sums in excess of those permitted under the contract described in paragraph 6, above. At all times at issue in this case, Defendant Kevin Christ was an agent of Defendant Dennis Christ, and acted in both his personal capacity as well.

## THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM

8.  The Section 8 Housing Choice Voucher Program, (hereinafter "the Section 8 program") is funded through the U.S. Department of Housing and Urban Development (hereinafter "HUD") and is locally administered, in this case by the Minneapolis Public Housing Authority (hereinafter "MPHA").

9.  HUD provides federal funds to the MPHA which the MPHA disburses directly to landlords as the rent subsidy for eligible participants in its Section 8 program. 42 U.S.C. § 1437f(b)(1) (2011).

10. The amount of rent subsidy paid to the owner through the Section 8

program is set by the MPHA at levels between 90% to 110% of the rental price of modestly priced apartments in the local market. 42 U.S.C. § 1437f(c) (2011).

11.     Tenants in the Section 8 program pay at most 30% of their adjusted monthly income for rent. 42 U.S.C. § 1437a (a) (2011).

12.     The MPHA pays the landlord the remaining contract rent up to the approved maximum. This payment is known as a Housing Assistance Payment (hereinafter "HAP"). 42 U.S.C. § 1437f (c)(3) (2011).

13.     The MPHA and the landlord enter a HAP Contract that establishes the rental amount for the unit (the Contract Rent); the amount the MPHA will pay the landlord, (the HAP amount); and the amount the tenant will pay the landlord, (the Tenant Amount).

14.     Payment of the HAP amount is expressly conditioned upon certifications by the landlord or his agent that the conditions of the HAP contract are being met by the landlord.

15.     These conditions include, but are not limited to, a promise by the landlord that the landlord will not demand or accept from the tenant any rent for the rental premises save and except the Tenant Amount.

## RELATOR'S TENANCY

16.     Relator was a tenant of the Russell property during the Claims Period pursuant to a contract with Defendant Dennis Christ by and through his agent Defendant Kevin Christ.

17.     MPHA subsidized this rental contract as set forth above under the Section 8 program. The subsidy was in the HAP amount of $969 per month, and was paid to

3

Defendant Dennis Christ effective October 6, 2010 through September 30, 2011, for a total HAP amount of $11,628. During that same time, Relator was to have paid, according to the HAP agreement, $81 per month.

18. Defendant Dennis Christ, acting through his agent Defendant Kevin Christ, entered into a HAP agreement with MPHA relating to the Russell property and Relator's tenancy thereof, which agreement included the terms set forth in paragraph 17 above..

19. In direct violation of their contractual obligation, Defendants, in addition to the Tenant Amount paid by Relator during the Claims Period for the Russell property, demanded and received from Relator the following additional sums:

    a. $35.00 per month as a "laundry charge"; and

    b. $20.90 per month for a CenterPoint/Xcel Home Service Plus repair plan.

## THE FALSE CLAIMS

20. The Defendants, and each of them, following execution of the HAP contract, accepted and retained twelve Housing Assistance Payments (HAPs) of $969 each during the Claims Period totaling $11,628.

21. The HAP contract between the Defendants and the MPHA provides in part as follows:

    7. **PHA Payment to Owner**
       b. **Owner compliance with HAP contract**. Unless the owner has complied with all provisions of the HAP contract, the owner does not have a right to receive housing assistance payments under the HAP contract.

and

    8. **Owner Certification.**

During the term of this contract, the owner certifies that: . . .

 c. Except for the rent to owner, the owner has not received and will not receive any payment or other consideration (from the family, the PHA, HUD, or any other public or private source) for rental of the contract unit during the HAP contract term.

22. Federal regulations governing the Section 8 housing program provide in part as follows as follows:

(4)(i) The part of the rent to owner which is paid by the tenant may not be more than:

(A) The rent to owner; minus

(B) The PHA housing assistance payment to the owner.

(ii) The owner may not demand or accept any rent payment from the tenant in excess of this maximum, and must immediately return any excess rent payment to the tenant.

24 CFR § 982.451

23. Defendants, and each of them, knowing that they were not entitled to receive the HAP payment, nevertheless accepted, retained, and failed to refund or return the HAP payments as above described

24. Defendants, and each of them, knew that the claims made to the MPHA for the HAP payments pursuant to the HAP contract were false.

25. Defendants, and each of them, certified by acceptance and negotiation of the twelve HAP payments, that the Defendants, and each of them, were in compliance with the provisions of the contract set forth above.

26. Had the MPHA known that the Defendant were charging and receiving from Relator the sums set forth in paragraph 21 above, MPHA would not have paid any of the HAP amount to the Defendants.

27. The United States suffered damages as a result of the violation of the False Claims Act because HUD disbursed funds to the MPHA for payment to Defendants pursuant to the Section 8 Housing Choice Voucher Program HAP Contract described above, that would not have been disbursed had MPHA known of Defendants' demand for and receipt of rent from Relator in addition to that provided for by the HAP contract.

## COUNT I
## PRESENTMENT OF FALSE CLAIMS

28. Plaintiff repeats and realleges each allegation in paragraphs 1 through 27, as if fully set forth herein.

29. Defendants, and each of them, knowingly presented or caused to be presented to the United States or a grantee thereof false or fraudulent claims for payment or approval, in the form of the HAP contract, and in the form of their receipt and negotiation of the twelve HAP payments while in knowing violation of the terms and conditions of that contract.

30. By virtue of the false or fraudulent claims made by the Defendants the United States suffered damages and therefore is entitled to treble damages, as such damages may be determined at trial, plus a civil penalty of $5,500 to $11,000 for each violation.

## COUNT II
## REVERSE FALSE CLAIMS

31. Plaintiff repeats and realleges each allegation in paragraphs 1-30, as if fully set forth herein.

32. Defendants, and each of them, knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the government.

## COUNT III
## UNJUST ENRICHMENT

33. Plaintiff repeats and realleges each allegation in paragraphs 1-30, as if fully set forth herein.

34. This is a claim for the recovery of money by which Defendants have been unjustly enriched during by directly or indirectly obtaining government funds to which it were not entitled.

35. Defendants are liable to account and pay such amounts, or the proceeds therefrom, which are to be determined at trial, to the United States.

## COUNT IV
## PAYMENT BY MISTAKE

36. Plaintiff repeats and realleges each allegation in paragraphs 1-30, as if fully set forth herein.

37. The United States, acting in reasonable reliance on the accuracy and truthfulness of the information contained in the false claims described above, paid Defendants certain sums of money to which they were not entitled, and said Defendants are thus liable to

account and pay such amounts, which are to be determined at trial, to the United States.

WHEREFORE, Plaintiff demands judgments against the defendants, and each of them, as follows:

a. In an amount of $34,884, treble that received by Defendants as HAP payments from the MPHA; and

b. For a penalty of $11,500 for each of the twelve false claims to the MPHA by defendants represented by the receipt and negotiation of each of the twelve HAP payments.

c. In the alternative, for restitution of all sums paid to Defendants by mistake or by which Defendants were unjustly enriched, as set forth in Counts III and IV above.

Dated: August 20, 2013      B. TODD JONES
United States Attorney

BY: D. GERALD WILHELM
Assistant U.S. Attorney
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-5643
Attorney ID Number 117122
Email: Gerald.Wilhelm@usdoj.gov